IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANK FARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | CV 04-296-PA |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, dba Tri-Met, a municipal corporation, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

A jury awarded Plaintiff Frank Farrell $1,110 on his Family Medical Leave Act ("FMLA") claim against Defendant Tri-County Metropolitan Transportation District of Oregon ("TriMet"). Defendant now moves for judgment as a matter of law or, in the alternative, for a new trial. The motions are denied.

**Renewed Motion for Judgment as a Matter of Law**

The jury found that TriMet wrongly denied one or more requests by Plaintiff for leave under the FMLA. The jury also found that the wrongful denial(s) caused Plaintiff to miss additional days of work and, as a consequence, to lose wages totaling $1,100.

1 - OPINION AND ORDER

Defendant contends these lost wages are not compensable under the FMLA. 29 U.S.C. § 2617(a)(1) provides, in relevant part, that:

> Any employer who violates section 2615 of this title shall be liable to any eligible employee affected--
>
> (A) for damages equal to--
>
>   (i) the amount of--
>
>     (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>
>     (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee . . . .

The jury was instructed:

> In the event that you find for Plaintiff on the FMLA claim, he is entitled to recover only the "economic injury" he sustained. That injury may include:
>
> (1) wages and other compensation lost for any days on which the Plaintiff was ordinarily scheduled to work, and was ready, willing and able to work, but was prevented from working because he was improperly required to obtain additional medical certification or proof that he was capable of returning to work; and
>
> (2) wages and other compensation lost for any days on which the Plaintiff was ordinarily scheduled to work, but was unable to work on account of stress or other

2 - OPINION AND ORDER

      mental problems that resulted from the wrongful denial
      of FMLA leave.

The jury awarded Plaintiff damages pursuant to paragraph two of the instructions, but not paragraph one. Defendant contends that the damages theory described in the second paragraph is not cognizable under the FMLA. I disagree.

The FMLA does not explicitly prohibit an award of damages for emotional distress. Rather, if such damages are unavailable, it is only because the statute does not affirmatively authorize such an award.

I agree that the FMLA does not authorize an award of "general" or "non-economic" damages for emotional distress, in which a jury attempts to place a monetary value upon intangibles such as the plaintiff's pain, suffering, humiliation, aggravation, or loss of dignity. See, e.g., Brumbalough v. Camelot Care Center, Inc., 427 F.3d 996, 1007-08 (6th Cir. 2005); Settle v. S. W. Rogers, Co., Inc., 998 F. Supp. 657, 665-66 (E. D. Va. 1998); Lloyd v. Wyoming Valley Health Care System, Inc., 994 F. Supp. 288, 291-93 (M.D. Pa. 1998).

That is not what the jury did here. Rather, there was evidence from which the jury could have found that Plaintiff was so upset over the wrongful denials, and worried that he might lose his job and retirement benefits as a result, that for several days he could not sleep or keep his mind focused on driving a passenger bus in busy city traffic. Being a conscientious driver, Plaintiff informed his employer that he was

3 - OPINION AND ORDER

unable to operate a bus safely. As a result, Plaintiff lost his wages for those days.

The FMLA expressly authorizes the jury to award damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation."

Defendant acknowledges that, if supported by the evidence, Plaintiff would be entitled to recover economic damages under a variety of potential scenarios, including

(1) if Plaintiff was terminated or suspended as a result of the FMLA violation;

(2) if Plaintiff would have accrued additional hours of sick leave if his absences had been attributed to protected leave; or

(3) if Plaintiff missed work because he was improperly required to obtain a doctor's certificate in order to return to work.

The precise mechanism by which the violation causes the Plaintiff to lose wages may vary under each scenario, but the underlying cause-and-effect relationship remains. The same is true under the damages theory endorsed by the jury. As a result of the FMLA violation, Plaintiff lost wages that he otherwise would have been paid. Defendant's real argument may be that Plaintiff did not lose those wages "by reason of the violation." The jury concluded otherwise, and I decline to disturb that determination. On the facts of this case, the relationship

4 - OPINION AND ORDER

between the FMLA violation and the lost wages is not so tenuous or remote as to preclude Plaintiff from recovering his economic damages in the form of lost wages.

Defendant relies heavily on Edgar v. JAC Products, Inc., ___ F.3d ___, 2006 WL 870500 (6th Cir. April 6, 2006), and Barry v. Wing Memorial Hospital, 142 F. Supp.2d 161 (D. Mass. 2001). Neither is on point. In both Edgar and Barry, the court concluded that the employee was not eligible for the protections of the FMLA because the employee was unable to return to work prior to expiration of the FMLA leave period. An employee who is unable to perform the essential functions of the position following the leave period has "no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b). Consequently, the employees in Edgar and Barry failed to state a cognizable claim for a violation of the FMLA. The employees vainly sought to overcome that fatal flaw by arguing that the employer's wrongful conduct somehow exacerbated their medical problems, thus preventing the employee from returning to work within the required time period. The courts declined to adopt this theory of estoppel or tolling. Neither Edgar nor Barry has any bearing on the issues in the case before me.

Defendant also argues that public policy favors restricting damages. Even assuming, *arguendo*, that this court were in a position to fashion its own common law remedy, rather than follow the language of the statute, it is not at all clear that the policy arguments favor Defendant's position. Unlike general

5 - OPINION AND ORDER

damages --where the amount of the Plaintiff's award may be restrained only by the jury's good judgment-- here the amount of damages is a known quantity, the amount of wages that Defendant would have paid Plaintiff for working on those days. The remedy remains a limited one, measured by the actual monetary losses caused by the violation. See Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 740 (2003).

Congress has decreed that Plaintiff Farrell is entitled to be made whole for the monetary losses caused by Defendant's failure to obey the law. The jury's verdict accomplishes that, and nothing more.

**Motion for New Trial**

Defendant seeks a new trial because I declined to give Defendant's Supplemental Instruction No. 1. The motion is denied. The requested instruction reads:

> An employer that wishes to clarify or authenticate an employee's medical certificate for leave may ask the employee for permission to have a health care provider on contract with the employer contact the employee's health care provider.

At the outset, the instruction is not properly balanced, emphasizing the employer's right to seek clarification over the employee's right to deny permission.

Furthermore, the instruction was not necessary. Although the jury heard some evidence that Defendant sought permission for TriMet's company doctor to contact Plaintiff's doctor, which request Plaintiff refused, it was not a central issue in the case

6 - OPINION AND ORDER

nor a factor in the outcome. The transcript excerpts submitted by Defendant do not show otherwise. Indeed, Plaintiff probably would have benefitted more than Defendant from such an instruction, properly worded, as it would have reiterated his right to deny permission, and that this refusal could not be held against him.

Defendant received a fair trial.

### Conclusion

Defendant's motions for judgment as a matter of law (# 164-1) or, in the alternative, for a new trial (# 164-2), are denied.

IT IS SO ORDERED.

DATED this 15th day of May, 2006.

/s/ Owen M. Panner
_____
OWEN M. PANNER
U.S. DISTRICT JUDGE