IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK FARRELL,                    )
                                  )
                Plaintiff,        )        CV 04-296-PA
                                  )
        v.                        )        OPINION AND ORDER
                                  )
TRI-COUNTY METROPOLITAN           )
TRANSPORTATION DISTRICT OF        )
OREGON, dba Tri-Met, a            )
municipal corporation,            )
                                  )
                Defendant.        )

**PANNER, J.**

     A jury awarded Plaintiff Frank Farrell $1,110 on his Family

Medical Leave Act ("FMLA") claim against Defendant Tri-County

Metropolitan Transportation District of Oregon ("TriMet").  By

law the award was doubled to $2,220.  Plaintiff now moves for an

award of $81,110 in attorney fees, and $5,773.06 in costs.

Defendant opposes the request.

### Discussion

     When an employee prevails on an FMLA claim,

     The court in such an action shall, in addition to any
     judgment awarded to the plaintiff, allow a reasonable
     attorney's fee, reasonable expert witness fees, and
     other costs of the action to be paid by the defendant.

29 U.S.C. § 2617(a)(3).

1 - OPINION AND ORDER

A.   **Attorney Fees**

Under a fee-shifting statute, such as 29 U.S.C. § 2617, the "lodestar" method is used to calculate the attorney fee award. Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003).  The court first multiplies the number of hours the prevailing party reasonably expended on the litigation times a reasonable hourly rate.  If circumstances warrant, the court then adjusts the lodestar to account for factors not subsumed within it.  Id.[1]

While it is not necessary to detail every numerical calculation, and across-the-board percentage adjustments are permissible, the court must provide "enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001).

1.   **Hourly Rates for Attorneys**

Plaintiff requests hourly rates ranging from $100 to $275 per hour for the attorneys who worked on this case.  Defendant does not object to those hourly rates.

Plaintiff seeks a multiplier to compensate for the delay in receiving payment.  The court, in its discretion, may compensate for such delay by applying either the attorney's current rates to all hours billed or the attorney's historic rates plus interest. Bell v. Clackamas County, 341 F.3d 858, 868-69 (9th Cir. 2003); Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997).

---

[1] Factors subsumed within the lodestar include the novelty and complexity of the issues, special skill and experience of counsel, quality of the representation, results obtained, and the superior performance of counsel.  D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990) (citations omitted).

I decline to impose a multiplier here.  The time from filing to trial in this case was not unusually long, compared to similar cases, nor have I seen evidence that Defendant engaged in delaying tactics or otherwise should be held responsible for unreasonably prolonging the proceedings.

## 2.    **Reasonableness of the Hours Claimed**

The hours claimed by Plaintiff are, as a whole, reasonable given the nature of the action and the work performed.  The proceedings included discovery, Defendant's summary judgment motions, various pre-trial motions, and a jury trial, followed by Defendant's post-trial motions.

I disallow the time billed on March 1, 2004, to return a phone call from a newspaper.  See Confederated Tribes of Siletz Indians v. Weyerhaeuser Co., 2003 WL 23715982, *7 (D. Or. 2003).

## 3.    **Reduction for Partial Success**

Plaintiff prevailed on an FMLA claim, but not on all dates or on all items of damages that he claimed.  The jury found for defendant on Plaintiff's claim for violation of the Americans with Disabilities Act ("ADA").  Defendant contends that the failed ADA claim, and limited success on the FMLA claim, necessitate a large reduction in the attorney fee award.

### a.  **Unrelated Claims**

In analyzing a deduction for "limited success," the first step is to consider whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Claims are "unrelated" if they are "entirely distinct and separate" from the claims on which the plaintiff prevailed. Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995). Hours expended on unrelated, unsuccessful claims should not be included in an award of fees.  Conversely, related claims involve a "common core of facts" and are "based on related legal theories."  Hensley, 461 U.S. at 435.  In such cases, "[m]uch of counsel's time will be devoted generally to the litigation as a whole . . . .  Such a lawsuit cannot be viewed as a series of discrete claims."  Id.  See also Community Association for Restoration of the Environment v. Henry Bosma Dairy, 305 F.3d 943, 956 (9th Cir. 2002) ("CARE") (claims are unrelated if the relief sought on the unsuccessful claim "is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised").

The claims asserted by Plaintiff generally revolved around a common nucleus of facts.  Defendant argues that work performed in connection with the Bureau of Labor and Industries ("BOLI") proceeding furthered only the ADA claim, since a BOLI charge was not filed (nor needed) for the FMLA claim.  However, a significant portion of counsel's time billed in connection with the BOLI proceeding was spent conferring with his client regarding the facts.  This is not surprising so early in the case.  Ascertaining the facts is a task that counsel doubtless would have undertaken even if no BOLI charge were filed.  For

that reason, the quantity of time attributed solely to the BOLI proceeding is significantly less than Defendant suggests.  Cf. id. ("[E]ven if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims").

Issues relating to Scott Stipe, a vocational rehabilitation specialist, did mostly concern the ADA claim.  The same cannot be said of matters relating to Dr. Marr.  While his testimony would have pertained to the ADA claim, it also would[2] have been relevant to several of the numerous arguments Defendant asserted at trial in opposition to the FMLA claim.

Other matters, such as discovery, summary judgment, and trial, would not likely have been dramatically shortened even if the case were limited to the FMLA claim, or even limited just to the particular items of damages on which Plaintiff prevailed.  Much of the other testimony and evidence may well have come in anyway by way of background, or to help the jury place matters in perspective, or to show the history or sequence of events.

I am not persuaded by Defendant's argument that the attorney time records submitted by Plaintiff "are so vague that it is impossible to discern which tasks relate to which claims."  While those records could be more detailed, for many tasks additional detail would not assist the court or is not practical.  For example, a significant number of hours were incurred during

---

[2] Plaintiff eventually made a tactical decision during the trial not to call Dr. Marr as a witness.

trial.  Having presided over that trial, I already know what trial time was devoted to which issues in the case.  An affidavit from counsel is not necessary.  Nor would it be practical for counsel's timesheets to allocate so many minutes of voir dire or closing argument to each claim.

This court has sufficient data to make a reasonable apportionment, which is all that is required.  See Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 834 (9th Cir. 2003).

The fee award will be reduced by twenty percent (*i.e.,* $16,216.50) to account for time spent on the claims on which Plaintiff did not succeed.

### b.    **Further Reduction for Partial Success**

In addition to eliminating time devoted to claims on which the Plaintiff did not succeed, the court also considers the results achieved in the litigation.  The court may reduce a fee award, or award no fees at all, if appropriate after considering the results obtained in the litigation.  See Farrar v. Hobby, 506 U.S. 103, 115-16 (1992).

Contrary to any suggestion in Defendant's brief, the court's reasoned discretion has not yet been replaced by a mathematical formula limiting the fee award to a specified percentage of the damages recovered.  In some cases, a small recovery may warrant a large reduction in fee award, but not in every case.[3]

---

[3]  For instance, if a Plaintiff seeks a small recovery, but the Defendant unreasonably insists on taking the matter to trial, the Plaintiff may be entitled to the full amount of his fees, notwithstanding the small amount recovered.  There also are cases where damages was only a secondary purpose of the action.

Plaintiff recovered far less than he sought.  His only settlement offer before trial--disclosed to the court--was high, and properly rejected.  However, Defendant's counter-offer was unreasonably low.  More importantly, Defendant does not deny communicating to Plaintiff that there would be no further settlement offers.  This gave Plaintiff the choice of accepting a bad offer, or going to trial.  Under the circumstances, Defendant cannot complain now that Plaintiff incurred the additional attorney fees necessary to take this case to trial.

Through this litigation, Plaintiff also achieved some relief in addition to monetary damages, namely, an agreement that he would remain employed until eligible for retirement.  A major impetus for the lawsuit was Plaintiff's belief (which was reasonable given the evidence at trial) that, without this litigation, he was on an inexorable path towards being terminated prior to qualifying to retire with medical benefits.

These considerations, and others, militate against reducing the attorney fee award to the full extent that might otherwise be warranted simply by comparing the fee request to the amount of damages recovered.

The adjusted fee award will be reduced by an additional thirty-five percent (*i.e.,* $22,703) in consideration of the results achieved or lack thereof.

The attorney fee award, after the foregoing adjustments, is $42,163.

/ / / /

7 - OPINION AND ORDER

C.    **Statutory Costs**

Plaintiff requests an award of $5,773.06 in costs pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 2671(a)(3).  Some of the costs requested are appropriate, but not all.

Unlike many statutes, the particular statute authorizing recovery of costs in an FMLA action expressly includes expert witness fees among the permitted costs.  Nevertheless, the report prepared by Scott Stipe was directed at the ADA claim on which Plaintiff did not prevail.  I therefore disallow that $1,719.58 claim.  I also disallow recovery of the $365.00 expert witness fee paid to Dr. Marr, as he did not actually testify at trial.  However, I will allow the $285.00 cost for Dr. Marr's report.  Though it did mention the ADA claim, the report also provided important background information regarding Plaintiff's condition that bore upon the FMLA claim and may have contributed to the denial of Defendant's motion for summary judgment.

Plaintiff seeks $981.42 for "Photocopies (in office)."  Plaintiff does not explain how many copies were made, at what price, or for what purpose.  I decline to award such a sum with nary an explanation regarding how this figure was derived.  Even assuming a rate of 15 cents per copy, that would be 6,543 copies.  Plaintiff undoubtedly needed some photocopies, but perhaps not that many.  In the absence of documentation supporting a higher amount, $450 is a reasonable sum to compensate for this expense.

I have considered, but declined to make, other reductions in the cost bill, including but not limited to reductions for

limited success.  Costs are awarded to Plaintiff in the amount of $3,257.06.

## **Conclusion**

Plaintiff's motion (docket ## 168, 172, 173) for attorney fees and costs is granted in part.  Plaintiff is awarded $42,163.00 in attorney fees and $3,257.06 in costs.

IT IS SO ORDERED.

DATED this 7th day of July, 2006.

/s/ Owen M. Panner

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE